UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: THE COOPER COMPANIES, INC.,
IN VITRO FERTILIZATION GLOBAL CULTURE
MEDIA PRODUCTS LIABILITY LITIGATION                              MDL No. 3122


ORDER DENYING TRANSFER


**Before the Panel**:[*] Plaintiffs in two Northern District of California actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. This litigation consists of 29 actions pending in three districts, as listed on Schedule A.[1] Since the filing of the motion, the Panel has been notified of fourteen related actions filed in the Northern District of California and one in the District of New Mexico. Plaintiffs in fourteen N.D. California actions support centralization in the Northern District of California. Defendants The Cooper Companies, Inc., and CooperSurgical, Inc. oppose centralization or, alternatively, suggest centralization in the District of Connecticut, the District of Massachusetts, or the District of Minnesota.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. All actions arise from allegations that defendants manufactured and sold deficient lots of embryo culture media that resulted in harm to plaintiffs' embryos. Plaintiffs are individuals who underwent in vitro fertilization and allege that each of their clinics used the recalled media on their embryos, which damaged them or affected their viability. They assert claims for strict liability, negligence, failure to warn, and unjust enrichment. The actions present several common issues of fact relating to how the culture media was manufactured and tested, when defendants knew of the defect, and how and when it was communicated to the public. The actions, however, are pending in just three districts before four judges. All Northern District of California actions already have been related before the same judge, and almost all plaintiffs to those actions are represented by two law firms.

In these circumstances, we are of the view that informal cooperation and coordination among the parties and involved courts are adequate alternatives to centralization that should work to minimize any duplication in pretrial proceedings. *See, e.g., In re Eli Lilly & Co. (Cephalexin*

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter.

[1] The motion for centralization initially included an additional action pending in the Middle District of Florida, for a total of 30 actions. That action has settled and been dismissed.

- 2 -

*Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); Manual for Complex Litigation, Fourth, § 20.14 (2004). The presence of common counsel for most plaintiffs here should facilitate informal coordination among the relatively small number of involved courts and counsel. *See In re Cymbalta (Duloxetine) Prods. Liab. Litig.*, 65 F. Supp. 3d 1393, 1394 (J.P.M.L. 2014).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly			David C. Norton
Roger T. Benitez			Dale A. Kimball
Madeline Cox Arleo

**IN RE: THE COOPER COMPANIES, INC.,**
**IN VITRO FERTILIZATION GLOBAL CULTURE**
**MEDIA PRODUCTS LIABILITY LITIGATION**  MDL No. 3122

## SCHEDULE A

Northern District of California

F., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00643
R., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00689
J., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00693
N., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00696
WALDEN, ET AL. v. THE COOPER COMPANIES, INC., ET AL.,
    C.A. No. 4:24−00903
A.B., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01061
J.B., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−01085
CLF 001, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01192
CLF 003, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01193
CLF 005, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01194
F.G., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01261
S., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−01353
J.K., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01680
WOODS, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01745
N., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−01853
R.S. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−02031
N.O., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−02042
OXENDINE, ET AL. v. THE COOPER COMPANIES, INC., ET AL.,
    C.A. No. 4:24−02168
O'BRIEN, ET AL. v. THE COOPER COMPANIES, INC., ET AL.,
    C.A. No. 4:24−02580
A. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−02582
A. F., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−02610
B., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−02722
X.Y., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−03219
D., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03527
F., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03530
J.J., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03536
H.H., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03568

District of New Mexico

R., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 1:24−00631

-A2

<u>District of Oregon</u>

CLF 007, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 6:24−00990